

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00334-CR
### NO. 02-10-00335-CR

OSWALDO JAVIER REYES                                              APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

## I. INTRODUCTION

Appellant Oswaldo Javier Reyes appeals his sentences of fifty years' incarceration and twenty years' incarceration that the trial court imposed after he pleaded guilty to two separate counts of aggravated assault with a deadly weapon against a family member. We will affirm.

## II. Background

Reyes and his wife, Jesika, separated after Christmas 2008. After separating, Reyes moved in with his parents. Reyes sent Jesika a text message on January 18, 2009. In the message, Reyes informed Jesika that a friend of his was interested in buying some of their old furniture. Jesika agreed to meet at the couple's former apartment that night so that the friend could look at the furniture. But when Jesika arrived at the apartment, Reyes pulled a gun from his pocket and directed Jesika to the bedroom.

Later, Reyes's mother and father came to the apartment. When his parents arrived, Reyes took their keys and phones and directed them to the bedroom as well. After several hours of pleading with Reyes, Reyes's father ultimately convinced him to go back home with him. As they left the bedroom, Reyes's mother asked for some water. Jesika went to the kitchen and retrieved a bottle of water. On her way back from the kitchen, Reyes fired two shots at Jesika—one hit her leg and the other her side. Jesika fled the apartment and sought help from a neighbor. Jesika survived the shooting.

The State indicted Reyes with two counts of aggravated assault with a deadly weapon against a family member—one count for shooting Jesika and the other for threatening his father with a deadly weapon. Reyes, through his trial counsel, notified the State and the trial court that he would be proceeding with an open plea whereby Reyes would enter a plea of guilty to each of the indictments but elect to have the trial court assess punishment. The trial court notified

2

Reyes's trial counsel that his pleas of guilty would be accepted and that a punishment hearing would be held on May 28, 2010.

A probation officer went to the jail where Reyes was being held on May 27, 2010, and conducted a presentence investigation (PSI) interview. According to an affidavit written by Reyes's trial counsel and introduced during a hearing held on Reyes's motion for new trial, trial counsel was not informed that this interview was going to take place. On May 28, 2010, Reyes signed judicial confessions and pleaded guilty. The punishment hearing then commenced, and Reyes and the State were provided copies of the PSI report, which was predicated on the probation officer's interview.

At the punishment hearing, Reyes took the stand and testified on his own behalf. When the State asked Reyes whether he intended to kill Jesika when he shot her, he answered, "No." The State then used contents from the PSI report to impeach Reyes's testimony, and Reyes admitted that he had told the probation officer that he did intend to kill Jesika. Reyes did not object to the PSI report at this time or at any time during the punishment hearing. At the conclusion of the punishment phase, the trial court sentenced Reyes to fifty years' confinement for the assault on Jesika and twenty years' confinement for the assault against his father.

On June 28, 2010, Reyes's appellate counsel filed a motion for new trial, where for the first time Reyes alleged that the PSI interview was a critical stage in the State's cases against him and that the interview was conducted in violation

3

of his Sixth Amendment right to have counsel. The trial court conducted a hearing on the motion for new trial and denied Reyes's motion. This appeal followed.

## III. DISCUSSION

In two points, Reyes argues that his Sixth Amendment right to counsel; his Texas constitution article I, section 10 right to counsel; his Fifth Amendment right against self-incrimination; his Texas constitution article I, section 10 right against self-incrimination; and several statutory rights to counsel were violated when the probation officer interviewed him for the PSI without the benefit of his counsel being present and without informing him of *Miranda* and Texas Code of Criminal Procedure article 38.22 warnings.[1] Reyes asks this court to remand for a new trial on punishment.[2]

---

[1]Although in his brief Reyes states that the statutes designed to implement his right to counsel "may" provide "a statutory right to counsel beyond what is mandated by" federal and this State's constitutions, he does not provide an argument or cite any binding authority for this position. Furthermore, Reyes never argues that the Texas constitutional rights he cites provide greater protection than their federal counterparts. We therefore will address the Fifth and Sixth Amendment arguments that Reyes brings as including the Texas constitution and statutory rights he addresses in his brief.

[2]Reyes's prayer for relief is peculiar. If this court were to hold that the resolution of this case required a new punishment hearing only, then, once remanded, the trial court would still possess the statutory authority to order a new PSI. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 9(a) (West Supp. 2011). The dissent takes issue with our position that Reyes's prayer is peculiar, but it seems that if this court were to hold that Reyes's case should be remanded, the more logical relief would be to request that this court remand back to the time of the infraction prior to Reyes's formal entry of guilt. Furthermore, and in a concession contrary to his position, even Reyes admits in his brief that there is authority that

4

Citing unpublished cases that stand for the proposition that the failure to object to a trial court's consideration of a PSI report at punishment forfeits any potential error for appellate review, the State argues that Reyes has failed to preserve these issues for our review. *See Fisher v. State*, No. 02-04-00434-CR, 2005 WL 994740, at *1 (Tex. App.—Fort Worth Apr. 28, 2005, no pet.) (mem op., not designated for publication) (holding that by failing to object to trial court's consideration of PSI report, defendant forfeited his contention that statements contained in report violated the Confrontation Clause of the Sixth Amendment); *see also Zamudio v. State*, No. 14-02-00283-CR, 2003 WL 297737, at *1 (Tex. App.—Houston [14th Dist.] Feb. 13, 2003, no pet.) (mem. op., not designated for publication) (holding that by failing to object to court's consideration of PSI report, defendant forfeited his contention that his Sixth Amendment right to counsel was violated by court's requirement that he give statement to probation officer preparing PSI report without his counsel being present).

Reyes candidly admits that he did not object to the trial court's consideration of the PSI report, and his position on preservation of these issues is somewhat convoluted. In part of his brief, Reyes contends that he could not have objected to the court's consideration of the PSI report at the punishment hearing because "no valid objection to the trial court's [consideration] of the PSI report existed under Texas statutory law." And yet later, Reyes contends that

stands for the proposition that counsel is not required to be present during a presentence investigation that is ordered after the formal entry of guilt.

5

what separates this case from those cases where the PSI report was not objected to when considered by the trial court and the reviewing court concluded that the objections had been waived is that in this case "the constitutional violations about which [he] complains occurred at the moment when the objectionable PSI interview commenced, not later when the fruits of those violations were presented to the trial judge."

This court is at a loss to understand how the failure to contemporaneously object to the trial court's consideration of a PSI report is affected by the timing of the State's alleged infraction. Indeed, a review of those cases where courts have considered the preservation of error regarding a trial court's consideration of a PSI report demonstrates that the alleged violations in those cases also occurred prior to the punishment hearing, and thus the consideration of the PSI report as well. *See Fisher*, 2005 WL 994740, at *1.

The dissent takes issue with our position that the timing of the objection has no effect on our analysis regarding whether Reyes has in fact preserved his complaints for our review. Dissent op. at 2. Like the dissent, Reyes seems to believe that because the alleged infraction occurred prior to his entry of guilt, this case is distinguishable from other cases where the introduction of a PSI report obtained under alleged State infractions were analyzed under traditional preservation rules. But an examination of the caselaw summarily dismisses both Reyes's and the dissent's position regarding the timing of the alleged infraction. *See Hollin v. State,* 227 S.W.3d 117, 123 (Tex. App.—Houston [1st Dist.] 2006,

pet. ref'd) ("Appellant made no objection in the trial court either to the order of proceedings or to the consideration of the PSI report prior to a formal finding of guilt."); *see also Renteria v. State*, No. 01-06-00677-CR, 2007 WL 3038041, at *1 (Tex. App.—Houston [1st Dist.] Oct. 18, 2007, no pet.) (mem. op., not designated for publication) (holding that defendant's failure to object to trial court's consideration of PSI report, even though PSI report was obtained prior to formal entry of guilt, waived complaints for appellate review).

While recognizing that even the nature of his complaint has been rejected in other cases, and despite the dissent's argument that we misunderstand the issue in this case, what separates Reyes's complaint from a number of cases that have poured out the appellant under preservation-of-error rules is that Reyes contends that he was not required to object to the trial court's consideration of the PSI report because the nature of the State's infractions in this case implicated "fundamental" errors that required no objection at trial. *But see, e.g., United States v. Washington*, 11 F.3d 1510, 1517 (10th Cir. 1993), *cert. denied*, 511 U.S. 1020 (1994) (holding that Fifth Amendment privilege against self-incrimination does not apply to PSI interview); *United States v. Woods*, 907 F.2d 1540, 1543 (5th Cir. 1990), *cert. denied*, 498 U.S. 1070 (1991) (holding defendant's Sixth Amendment right to counsel not violated because routine PSI interview not critical stage of proceedings in which counsel's presence or advice is necessary); *Trimmer v. State*, 651 S.W.2d 904, 905–06 (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd) (holding that defendant need not be admonished

7

regarding his Fifth Amendment and *Miranda* rights before participating in a routine presentence interview).

The main issue that must be decided regarding whether Reyes preserved these issues for our review is whether the nature of his complaints required him to have objected at the moment the trial court considered his PSI report.[3] As Reyes puts it, the rights he complains of that were violated are "so fundamental[4] to the proper functioning of our adjudicatory process as to enjoy special protection in the system."

## A.    General Preservation Rules

As a general rule, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). An objection must be

[3]Reyes's earliest objection to the trial court's consideration of the PSI report came in his motion for new trial, one month after the trial court pronounced his sentences at the punishment hearing. In his motion, Reyes complained only of a Sixth Amendment violation. For the first time on appeal, Reyes also brings a Fifth Amendment complaint.

[4]This court has already recognized the movement to stray from the use of the term "fundamental," to denote a right that requires no preservation of error in order to claim a violation of such a right on appeal. *See Parker v. State*, No. 02-11-00032-CR, 2011 WL 5984539, at *2 n.4 (Tex. App.—Fort Worth Dec. 1, 2011, no pet.) (mem. op., not designated for publication). But because Reyes uses that term in a manner consistent with a number of cases that use the term and because the rules of evidence use the term, we will use it as well. *See* Tex. R. Evid. 103(d).

8

made as soon as the basis for the objection becomes apparent. Tex. R. Evid. 103(a)(1); *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence."). This gives the trial judge and the opposing party an opportunity to correct the error at a time when the judge is in the best position to take testimony, if necessary; consider counsels' arguments; and rule on the objection in the context of the present proceeding. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

In the absence of proper procedural perfection of error, the only type of errors that may be raised for the first time on appeal are complaints that the trial court disregarded an absolute or systemic requirement or that the appellant was denied a waivable-only right that he did not waive. *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007); *Mendez*, 138 S.W.3d at 340–41; *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997).

Therefore, because Reyes failed to procedurally perfect his objection to the trial court's consideration of the PSI report by objecting when the PSI report was introduced at trial or by objecting to the PSI report when Reyes testified to contents of the PSI report, we are prohibited from considering his assignment of error unless the admission of the PSI report violated a systemic or absolute requirement or Reyes did not forfeit a right that was "waivable only." *Mendez*, 138 S.W.3d at 340–41.

**B.    The Rights Reyes Complains of Are Neither Systemic Nor Absolute Requirements**

Recognized as being absolute, systemic requirements are not necessarily constitutional. *Hall v. State*, 303 S.W.3d 336, 341 (Tex. App.—Amarillo 2009, pet. ref'd). Systemic or absolute requirements include, but are not limited to, personal jurisdiction, subject-matter jurisdiction, a penal statute's compliance with the separation of powers section of the state constitution, a constitutional requirement that a district court conduct its proceedings at the county seat, a constitutional prohibition against ex post facto laws, and certain constitutional restraints on the comments of a judge. *Saldano*, 70 S.W.3d at 888–89.

Systemic requirements are to be observed even without partisan request and cannot lawfully be avoided even with partisan consent. *Sanchez v. State*, 120 S.W.3d 359, 366 (Tex. Crim. App. 2003). Therefore, an appellant may complain that an absolute requirement or prohibition was violated, and the merits

10

of his complaint on appeal are not affected by the existence of a waiver or forfeiture at trial. *Id.*

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI; *see Gideon v. Wainwright*, 372 U.S. 335, 339, 83 S. Ct. 792, 794 (1963). The Sixth Amendment right to counsel applies in all state criminal prosecutions in which the defendant is accused of a felony. *Id.* at 342; 83 S. Ct. at 795. Once the adversarial judicial process has been initiated, the Sixth Amendment guarantees a defendant the right to have counsel present at all "critical" stages of the criminal proceeding. *Montejo v. Louisiana*, 556 U.S. 778, 129 S. Ct. 2079, 2085 (2009); *Hughen v. State*, 297 S.W.3d 330, 334 (Tex. Crim. App. 2009), *cert. denied*, 130 S. Ct. 3291 (2010). Interrogation by the police or a state actor acting on behalf of the police, after charges have been filed, is considered to be a critical stage. *Brewer v. Williams*, 430 U.S. 387, 398, 97 S. Ct. 1232, 1239 (1977); *Hughen*, 297 S.W.3d at 334.

The Fifth Amendment of the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. As a prophylactic protection of this Fifth Amendment right, law enforcement officials, before questioning a person in custody, must inform a defendant that he has the right to remain silent and that any statement he makes may be used against him in court. *Miranda v. Arizona*,

11

384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966); *Ramos*, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008).

This State's corollary to *Miranda* warnings is found in Texas Code of Criminal Procedure article 38.22. Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (West 2005). Article 38.22 sets out the requirements for the admission of an accused's statements. Under Article 38.22, written statements are not admissible unless it is shown on the face of the statement that the appellant received the appropriate warnings (1) that the accused has the right to remain silent, (2) that anything he says may be used against him at his trial or in court, (3) that he has the right to have an attorney be present and advise him during questioning, (4) that an attorney will be provided before questioning if he cannot afford one, (5) and that he has the right to terminate the interview at any time. *Id.* The face of the statement must also show that the accused waived all these rights. *Id.*

As a procedural safeguard, a defendant has at least two opportunities to seek redress for any alleged violation of these rights. *Hall*, 303 S.W.3d at 342. First, a defendant may file a pretrial motion to suppress evidence and have it heard and ruled upon before trial. Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (West 2006). A motion to suppress is a specialized objection regarding the admissibility of evidence. *Galitz v. State*, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981) (op. on reh'g). Such a motion is the proper remedy when evidence is illegally obtained in violation of a defendant's rights. *Hall*, 303 S.W.3d at 342;

12

*Wade v. State*, 814 S.W.2d 763, 764 (Tex. App.—Waco 1991, no pet.) (*citing Jackson v. State*, 717 S.W.2d 713, 715 (Tex. App.—San Antonio 1986, pet. ref'd, untimely filed)). Second, a defendant can always object to the admission of the evidence at the time it is offered at trial. Tex. R. Evid. 103(a)(1); *see Holmes v. State*, 248 S.W.3d 194, 199 (Tex. Crim. App. 2008). Under either safeguard, the accused is empowered by statute to have his counsel seek redress of any Fifth or Sixth Amendment violation or a failure to comply with article 38.22 during a post-indictment interrogation before there is any possibility the violation might affect his ability to receive a fair trial. *Hall*, 303 S.W.3d at 342 & n.10.

Given that the court of criminal appeals has never held that the rights Reyes now complains of are systemic or absolute and given the procedural safeguards in place which are by nature invoked by the party and can even be avoided by a party's own consent in the event of a violation of these rights, we conclude that the rights Reyes complains of are not systemic or absolute rights.

**C. The Trial Court's Consideration of a PSI Report Is Not a Waivable-Only Right**

Waivable-only rights are rights that cannot be waived merely by omission. Instead, those rights can only be waived by affirmative acts of commission. Waivable-only rights include the right to assistance of counsel at trial, the right to trial by jury, and the right of appointed counsel to have ten days of trial preparation. *See Aldrich v. State*, 104 S.W.3d 890, 895–96 (Tex. Crim. App.

13

2003); *see also Williams v. State*, 252 S.W.3d 353, 355 (Tex. Crim. App. 2008); *Saldano*, 70 S.W.3d at 888.

Although the court of criminal appeals has yet to expressly decide whether evidence introduced at trial obtained in violation of an accused's Sixth Amendment right to counsel or an accused's Fifth Amendment right against self-incrimination during post-indictment interrogation is "waivable only," the court's opinion in *Swain v. State*, 181 S.W.3d 359 (Tex. Crim. App. 2005) is instructive in our determination of what is required to procedurally perfect such an alleged error. In *Swain*, the defendant asserted on appeal that the police violated his right to counsel under the Fifth and Sixth Amendments when they continued to question him after the accused had appeared before a magistrate and requested counsel be appointed. *Id.* at 365. In his written motion to suppress submitted to the trial court, the accused asserted a violation of his right to counsel and his right against self-incrimination under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and article one, sections 10 and 19 of the Texas Constitution. *Id.* But because the accused's global statements consisting of little more than citations to constitutional and statutory provisions failed to assert a specific complaint, the *Swain* court held that the accused's "global statements in his pretrial motion to suppress were not sufficiently specific to preserve the arguments he [was making] on appeal" under rule 33.1 of the Texas Rules of Appellate Procedure. *Id.*; *see also Sabedra v. State*, No. 05-03-01709-CR, 2005 WL 1155068, at *2 (Tex. App.—Dallas May 17, 2005, pet.

14

dism'd, untimely filed) (not designated for publication) (failure to make a specific objection at trial that admission of tape recording violated Sixth Amendment right to counsel forfeited point on appeal).

Following the *Swain* court, the Amarillo court of appeals has held that the defendant failed to preserve for appellate review his claim that he had the right to have counsel present during post-indictment, defendant-initiated interrogations, where defendant failed to make timely objection to admission of his inculpatory statements. *Hall*, 303 S.W.3d at 343. And in a related case, this court in the unpublished case of *Fisher* held that the defendant failed to procedurally perfect his complaint that statements contained in his PSI report violated the Confrontation Clause of the Sixth Amendment. *Fisher*, 2005 WL 994740, at *1.

Based upon these precedents and the procedural safeguards in place discussed above, we conclude and hold that in order to procedurally perfect for our review a trial court's consideration of a PSI report that is obtained in alleged violation of a defendant's Fifth Amendment right against self-incrimination; his Texas constitution article I, section 10 right to counsel; and his Sixth Amendment right to have counsel present when a probation officer questions him during preparation of the PSI report, the defendant must object to the trial court's consideration of the PSI report when it is considered by the trial court. Reyes did not do so. Thus, having failed to object to the trial court considering the PSI report, Reyes failed to procedurally perfect these arguments and has forfeited them for our review.

The dissent takes issue with our recital of the law that the right to counsel at trial cannot be forfeited but must affirmatively be waived. Dissent op. at 5–6. The dissent contends that this articulation of the law is at conflict with our holding. A study of caselaw, however, demonstrates that the right to counsel is not a sweepingly broad right that swallows all procedurally forfeitable rights that are tangentially related to Fifth and Sixth Amendment rights to counsel. *See Swain*, 181 S.W.3d at 365 (holding that defendant failed to preserve for appellate review his claim that his oral statement to detective and investigator and his third written statement were obtained in violation of his right to counsel where on the motion to suppress, defendant failed to complain about being questioned after asserting his right to counsel and instead simply objected that his statements were inadmissible because the police illegally arrested him and failed to comply with statutory requirements); *see also Hall*, 303 S.W.3d at 344–45 (holding that defendant failed to preserve for appellate review claim that he had right to have counsel present during post-indictment, defendant-initiated interrogations where defendant failed to make timely objection to admission of his inculpatory statements). *Compare Marin*, 851 S.W.2d at 279 ("Rights which are waivable only, as well as absolute systemic requirements and prohibitions, cannot be made subject to rules of procedural default because, by definition, they are not forfeitable.").

The dissent seems to address the semantics of the language enunciated in these cases. This is understandable given that the right to counsel is often

16

described as a fundamental right that is "waivable only." *See Garcia v. State*, 149 S.W.3d 135, 141 (Tex. Crim. App. 2004) (reasoning that certain rights, such as the right to counsel, are implemented as a matter of course unless the defendant takes affirmative action to prevent such implementation). But there is a difference between the denial of a certain right engulfed by the right to counsel versus evidence introduced at trial that allegedly had been obtained in violation of that right. While the right to counsel, including most notably the right to effective assistance of counsel, is not subject to forfeiture, cases like this case, that have dealt with the issue of evidence introduced at trial that was allegedly obtained in violation of the right to counsel, have treated the issue as one falling squarely within appellate rules of forfeiture or procedural default. *See Robinson v. State*, 16 S.W.3d 808, 813 (Tex. Crim. App. 2000) (holding that defendant was not procedurally barred from claiming ineffective assistance of trial counsel on direct appeal). *Compare Hall*, 303 S.W.3d at 336 (holding that defendant failed to preserve for appellate review claim that he had right to have counsel present during post-indictment, defendant-initiated interrogations where defendant failed to make timely objection to admission of his inculpatory statements).

As stated above, the policy behind treating evidence obtained in violation of "fundamental" rights equal to other evidentiary matters is that "objections promote the prevention and correction of errors. When valid objections are timely made and sustained, the parties may have a lawful trial. They, and the judicial system, are not burdened by appeal and retrial. When a party is excused

from the requirement of objecting, the results are the opposite." *Saldano*, 70 S.W.3d at 887. Moreover, rights once thought to be "waivable only" actually require an objection at trial. *See Gonzalez v. State*, 8 S.W.3d 640–45 (Tex. Crim. App. 2000) (holding that requiring a defendant to timely raise a violation of Fifth Amendment's prohibition regarding multiple punishments in the trial court serves legitimate state interests and is consistent with the underlying policies of the general rules of procedural default). On these points, the court of criminal appeals has consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. *Mendoza v. State*, 552 S.W.2d 444, 450 (Tex. Crim. App. 1977) (trial court did not commit fundamental error by allowing testimony that denied defendant federally guaranteed constitutional rights; defendant was required to object to preserve this error). This general principle is even true when evidence is obtained in violation of what otherwise would be considered "fundamental." *See Swain*, 181 S.W.3d at 365; *see also Gauldin v. State*, 683 S.W.2d 411, 413 (Tex. Crim. App. 1984) (failure to preserve error regarding admitted statements obtained in violation of *Miranda* when trial counsel failed to obtain ruling on motion to suppress statements), *overruled on other grounds by State v. Guzman*, 959 S.W.2d 631, 634 (Tex. Crim. App. 1998). We overrule both of Reyes's points.

## IV. Conclusion

Having overruled Reyes's two points, we affirm the trial court's judgments.


BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DAUPHINOT, J. filed a dissenting opinion.

PUBLISH

DELIVERED:  February 9, 2012



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-10-00334-CR**
**NO. 02-10-00335-CR**

OSWALDO JAVIER REYES                                                 APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## DISSENTING OPINION

----------

Respectfully, I cannot join the majority opinion. Despite its conscientious consideration of Appellant's issues as perceived by the majority and despite the majority's thorough examination of the record, I do not believe that the majority opinion addresses the issues actually raised by Appellant. That is, I believe that the majority misunderstands Appellant's complaints.

The majority appears to believe that Appellant's issues are based on the admissibility of a presentence investigation report (PSI) or the authority of the trial court to order or consider a PSI. In a footnote, the majority finds Appellant's prayer for relief to be "peculiar" because "once remanded, the trial court would still possess the statutory authority to order a new PSI."[1] The majority candidly admits that it is "at a loss to understand how the failure to contemporaneously object to the trial court's consideration of a PSI . . . is affected by the timing of the State's alleged infraction."[2]

Clearly, the majority does not understand the issue. The issue is whether a criminal defendant may be questioned at a critical stage of the proceeding when he is represented by counsel but without advising the attorney who represents him. A concise recitation of the facts will be helpful:

1.    Appellant was indicted on February 26, 2010, in two separate indictments on aggravated assault of a family member by shooting Jesika and aggravated assault of a family member by threatening his father with a deadly weapon.

2.    By at least October 9, 2009, Appellant's attorney notified the State and the trial court that he would be entering an open plea of guilty in a bench trial.

3.    On January 21, 2010, Appellant's attorney again appeared for him and indicated Appellant's intention to plead guilty, and the case was passed to another setting.

4.    On April 9, 2010, counsel again appeared for Appellant and again informed the trial court that Appellant intended to plead guilty.

---

[1]Majority op. at 4 n.2.

[2]*Id.* at 6.

2

5. On that date the trial court told Appellant's attorney that Appellant's pleas of guilty would be accepted at the punishment hearing set for May 28, 2010.

6. On May 27, 2010, the day before the punishment hearing, a probation officer conducted a presentence investigation interview of Appellant at the Denton County Jail.

7. No one notified Appellant's attorney that the probation officer was going to interview Appellant in the jail.

8. Appellant did not waive his right to have counsel present during questioning.

9. Both the prosecutor and the defense attorney were given a copy of the PSI.

10. Appellant testified on his own behalf at the trial.

11. The State used the PSI to question Appellant about his intent to kill Jesika when his testimony differed from the PSI.

As in *Estelle v. Smith*,[3] the trial court, not the State, sent the officer to interview Appellant. No one notified Appellant's lawyer, who had already made at least three appearances for Appellant, that anyone would be questioning Appellant, who was in jail. No one told Appellant that he had a right to remain silent or the right to have counsel present pursuant to the Fifth and Sixth Amendments to the Constitution of the United States. Although a copy of the PSI resulting from the questioning of Appellant by the probation officer was provided

_____

[3]451 U.S. 454, 456–57, 101 S. Ct. 1866, 1870 (1981).

to Appellant, it was also provided to the State,[4] who used it as the basis of its cross-examination of Appellant. Indeed, the probation officer asked Appellant questions based on information provided to him by the district attorney's office.

Appellant's complaint is that he was denied his Sixth Amendment right to counsel, not that the trial court had no authority to order the PSI. He argues that objection to the PSI was not required to preserve his Sixth Amendment protection. The Sixth Amendment right to counsel attaches "automatically" at the initiation of adversary criminal proceedings.[5] The fundamental nature of the right to counsel makes it obligatory on the states by the due process clause of the Fourteenth Amendment.[6]

Although the trial court has the authority to order a PSI—which I believe permits ex parte communication with the trial court, private investigation into facts affecting sentencing that are often hearsay upon hearsay, improper opinion expressed for the purpose of influencing the trial court, and denial of confrontation and cross-examination of declarants providing the PSI information to the trial court—the trial court has no authority to require the defendant to

---

[4]*See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(d), (f) (West Supp. 2011) (requiring that the defense have access to the PSI and that the State have access to "any information made available to the defendant").

[5]*Davis v. United States*, 512 U.S. 452, 456–57, 114 S. Ct. 2350, 2354 (1994); *Dinkins v. State*, 894 S.W.2d 330, 351 (Tex. Crim. App.), *cert. denied*, 516 U.S. 832 (1995).

[6]*Gideon v. Wainwright*, 372 U.S. 335, 343–44, 83 S. Ct. 792, 796 (1963).

speak with the probation officer.[7]  A remand would not deprive Appellant of his Fifth Amendment right to remain silent, nor would it deprive him of his Sixth Amendment right to seek the advice of counsel in deciding whether to speak to the probation officer.  Neither the trial court, nor the probation officer, nor his own lawyer can compel a defendant in a criminal case to give up his right to remain silent.

Appellant argues that because the Fifth and Sixth Amendment rights must be waived personally by a defendant and cannot be waived by counsel, those rights, consequently, cannot be waived by counsel by procedural default.[8]

Additionally, the State brings out the point that there is no evidence that the trial court used the PSI.  Rather, it was used to gain admissions and to provide information for the prosecution to use in cross-examination of Appellant in the punishment phase of the trial.  But it was admitted into evidence with no objection.  That fact is uncontroverted, but neither is it the issue raised by Appellant.

The majority states that "[w]aivable-only rights include the right to assistance of counsel at trial . . . ,"[9] but the majority does not address the fact

---

[7]*See Mitchell v. United States*, 526 U.S. 314, 325–26, 119 S. Ct. 1307, 1313 (1999); *Estelle*, 451 U.S. at 462–63, 101 S. Ct. at 1873; *Carroll v. State,* 42 S.W.3d 129, 132 (Tex. Crim. App. 2001).

[8]*See Marin v. State,* 851 S.W.2d 275, 278–79 (Tex. Crim. App. 1993).

[9]Majority op. at 13.

5

that Appellant was denied the assistance of counsel during trial when the representative of the court, the probation officer, knowing that Appellant was represented by counsel, interviewed Appellant without warning him of his right not to speak to the officer, without warning him that he had the right to have his attorney present, and without giving notice to Appellant's counsel of the interview.

Because the majority fails to address the issue actually argued by Appellant and because the majority opinion turns on a question different from that raised by Appellant, I must respectfully dissent from the majority opinion.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED:  February 9, 2012

6