

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00550-CR

Jesse Ray **ROSE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B11-690
Honorable Rex Emerson, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: October 9, 2013

AFFIRMED

The sole issue presented on appeal is whether the trial court erred in admitting a presentence investigation report and the testimony of the probation officer who conducted the interview. Jesse Ray Rose argues that the trial court erred because the admission of this evidence during the punishment phase of the trial violated his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to counsel.

**BACKGROUND**

Rose was convicted of aggravated robbery by a jury and elected for punishment to be assessed by the trial court. The court set the punishment hearing on a future date and, upon Rose's request, the court ordered a presentence investigation (PSI) report. Rose's counsel did not specifically request to be notified of or be present at the PSI.

At the punishment phase of trial, the State called Ms. Alaina Flores, the probation officer who conducted the PSI. During questioning from the State, Flores testified that Rose showed no remorse or sympathy for the victim or his family. Flores also testified that Rose had told her he had committed seven burglaries but had only been caught for three. Further, Flores stated that Rose denied committing the offense for which he was on trial. At the conclusion of her direct examination, Flores recommended that Rose be sent to prison for a length of time the court believed to be appropriate. During direct examination by the State, Rose made no Fifth or Sixth Amendment objections to her testimony or to the admission of the PSI report.

On cross-examination, Flores admitted that Rose's counsel was not at the PSI interview and that Flores did not notify Rose's counsel of when she was going to interview Rose. Shortly after this exchange, Rose lodged an objection to Flores's testimony based on an alleged violation of his Sixth Amendment right to counsel. Shortly after this objection, a recess was taken so the State could confirm its understanding of a defendant's right to counsel during a PSI interview.

When court resumed, the State cited cases holding that a defendant does not have a Sixth Amendment right to counsel or a Fifth Amendment privilege against self-incrimination during a PSI. Realizing that he had not previously objected on the basis of his Fifth Amendment right against self-incrimination, Rose then made an objection based on the Fifth Amendment. The State responded that the objections were untimely because Rose should have objected when Flores

began testifying about the PSI. Rose's counsel then claimed that his decision not to object sooner was based on strategy:

> And my response to that is that the Court already—apparently already had the presentence investigation report before we started the hearing. I made a strategic decision when Ms. Flores was testifying to hear what she had to say, and I didn't want to tip the prosecution off where I was going and that's why the first two questions I asked were, well, what date did you interview him, was I there, did you tell me you were going to do it in advance, because I'm not questioning this witness[] or the prosecutor's integrity. I didn't want to tip them off so that they could say, well, yeah, they called my office or something. It was a strategic decision I made.

The State then argued Rose was intentionally and improperly "laying behind the log" so the defense waived any complaint about Flores's testimony or the way the PSI was conducted. Ultimately the trial court overruled Rose's objection, and the punishment phase of trial continued. At the conclusion of the punishment phase, the trial court sentenced Rose to eighty years in prison.

### MULTIFARIOUS ISSUE

On appeal, the State asks this court to strike Rose's briefing for raising a multifarious issue. *See Mays v. State*, 318 S.W.3d 368, 385 (Tex. Crim. App. 2010); *see also* TEX. R. APP. P. 38.1(h). An issue is multifarious if it is presented as a single issue for review but raises multiple distinct complaints or grounds for reversal. *See, e.g.*, *Busby v. State*, 253 S.W.3d 661, 667 (Tex. Crim. App. 2008); *Wood v. State*, 18 S.W.3d 642, 649 n.6 (Tex. Crim. App. 2000). The State contends Rose's issue is multifarious because his single point of error raises both Fifth and Sixth Amendment complaints. While this court does have discretion to strike Rose's point of error if we determine it is multifarious, we decline to do so. *See Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010).

### WAIVER

Despite the State's response in the trial court that Rose's objections were untimely and thus waived, the State does not argue waiver on appeal. Nonetheless, we are obliged to inquire about

whether a defendant has preserved his complaint for appellate review. *See* TEX. R. APP. P. 33.1; *Jones v. State*, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion."). In order to preserve a complaint for appeal, the party must make a timely and sufficiently specific objection that puts the trial court on notice of the complaint. *See* TEX. R. APP. P. 33.1; *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). "Even constitutional errors may be waived by failure to object at trial." *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). The objection made at trial must comport with the error complained of on appeal. *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (en banc); *Wilson*, 71 S.W.3d at 349.

Rose's point of error alleges the trial court's failure to strike Flores's testimony and exclude the PSI report was erroneous, notwithstanding Rose's failure to object to the admission of the PSI report in the trial court. Although Rose did not specifically object to the admission of the PSI report, based on the circumstances surrounding the objection, we conclude that Rose's objection to Flores's testimony about the PSI suffices as an objection to the trial court's consideration of the PSI report. *See* TEX. R. APP. P. 33.1; *cf. Reyes v. State*, 361 S.W.3d 222, 229 (Tex. App.—Fort Worth 2012, pet. ref'd) (indicating that a defendant could object to consideration of the report by objecting either to the testimony about the PSI or the introduction of the PSI report).

Nevertheless, the untimeliness of Rose's objection waives his complaint for appellate review. It is well-established that error will be preserved for appellate review only if the complaining party made a timely objection, request, or motion that was sufficiently specific to give the trial court notice of the complaint. TEX. R. APP. P. 33.1; *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). "A complaint is timely if it is made 'as soon as the ground of objection becomes apparent.'" *Pena*, 353 S.W.3d at 807 (quoting *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991)). Rose did not object to the court's consideration of the PSI

when it was introduced or when Flores began testifying about the contents of her report. In fact, Rose did not lodge his objection regarding the Fifth and Sixth Amendments at any time during the State's questioning of Flores, instead waiting until cross-examination to complain. The basis of Rose's complaints were known prior to the hearing (that he was not warned or provided counsel at the time of the PSI interview) and the alleged constitutional violations became apparent the moment the State sought to introduce the allegedly improperly-obtained evidence against him. *See Reyes*, 361 S.W.3d at 227–28. Because Rose did not object when the complaint became apparent, he has failed to preserve this issue for appellate review.

CONCLUSION

Because we conclude that Rose has not preserved his complaint for appellate review, we affirm the judgment of the trial court.

Catherine Stone, Chief Justice

DO NOT PUBLISH