

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00376-CR

DUANE REID                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                 STATE

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY
### TRIAL COURT NO. CR17125

----------

## MEMORANDUM OPINION[1]

----------

Appellant Duane Reid entered an open plea of guilty to the offense of theft in August 2014. He waived a jury and asked the trial court to assess punishment. The trial court ordered a pre-sentence investigation report ("PSI")

---

[1]*See* Tex. R. App. P. 47.4.

and postponed the punishment hearing to September 2014.[2] The State introduced the completed PSI, and the trial court admitted it without objection; one witness for the State also testified. The trial court sentenced Appellant to eight years' confinement. Appellant subsequently filed a motion for new trial, which was overruled by operation of law. He did not complain of the PSI in his motion for new trial.

**Confrontation**

Appellant brings a single point on appeal, arguing that the trial court denied him his Sixth Amendment right to confrontation when the trial court considered the PSI at punishment. But Appellant did not object to the PSI's admission. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.[3] Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.[4] A reviewing court should not

---

[2]*See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (West Supp. 2014) (discussing the PSI requirements).

[3]Tex. R. App. P. 33.1(a)(1); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd).

[4]Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263.

2

address the merits of an issue that has not been preserved for appeal.[5] The Sixth Amendment right to confrontation, among other constitutional rights, may be forfeited by the failure to object.[6] Because Appellant did not object or otherwise complain in the trial court of the admission of the PSI or of the trial court's considering the PSI in assessing punishment, he has not preserved this complaint for review.

We overrule Appellant's sole point and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 24, 2015

---

[5] *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

[6] *See Reyes v. State*, 361 S.W.3d 222, 229 (Tex. App.—Fort Worth 2012, pet. ref'd).