

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00129-CR
No. 02-19-00130-CR

———————————————————

JOAQUIN GOMEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court Nos. 1548306D, 1551982D

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

Appellant Joaquin Gomez appeals from the trial court's judgments of conviction for the offenses of deadly conduct and assault on a police officer. In three issues, Gomez contends that the trial court infringed on his constitutional and statutory right to remain silent by inviting him to make a statement immediately before pronouncing the sentence, that the trial court erred by inviting him to make a statement immediately after closing arguments, and that the United States Constitution or the Texas Code of Criminal Procedure requires the trial court to admonish a defendant before the defendant provides testimony or statements in his own defense. Because we hold that Gomez forfeited his first two issues and that the trial court had no duty to admonish him that he had a right not to testify during the punishment phase, we affirm.

## Background

In separate indictments, the State charged Gomez with one count of deadly conduct by discharging a firearm and one count of assault of a police officer. *See* Tex. Penal Code Ann. §§ 22.01, 22.05.

Gomez pled guilty with no bargain. The trial court accepted Gomez's plea, and adjudicated him guilty, and at the same hearing, heard arguments and evidence as to sentencing. After the State concluded its closing argument, the trial court had the following exchange with Gomez, with no objection by Gomez:

2

THE COURT: Mr. Gomez, you obviously have the right to say anything you'd like for the Court to hear prior to your sentencing. You certainly don't have to, but you certainly have the right to speak to the Court prior to being sentenced. Anything you'd like to say?

[GOMEZ]: I was really young, dumb, and I felt—when I was in Green Bay, I felt—thinking about it every single day. I was thinking about what I did, and I just need to change. You know, I was 17, 14, 15. I just felt really bad for what I did. And I wasn't thinking. I wasn't thinking. I really feel bad. I just need one more chance to prove myself. One more.

THE COURT: Anything else?

[GOMEZ]: No, sir.

The trial court then took a recess. When the hearing resumed, the trial court sentenced Gomez to five years' confinement for the deadly conduct offense and ten years' confinement for the assault offense, to run concurrently.

## Discussion

In Gomez's first two issues, he argues that the trial court violated his right to remain silent by inviting testimony from him after he had elected not to testify. He argues additionally that "Texas law does not require, nor does case law permit, a trial judge to *personally address* the defendant to allow an opportunity to speak at a [p]unishment hearing." He asserts that instead of honoring his decision not to testify, "the trial court, without any known authority, invited [him] to break his silence." Gomez further argues that "because the trial judge interjected his solicitation as his last action before beginning his deliberation, the timing left [Gomez] particularly

susceptible to inadvertent influence." However, as we explain, Gomez has forfeited these two issues.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013). Constitutional issues such as Gomez's are not immune from preservation rules. "[I]f a party fails to properly object to constitutional errors at trial, these errors can be forfeited." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). "In the absence of proper procedural perfection of error, the only type of errors that may be raised for the first time on appeal are complaints that the trial court disregarded an absolute or systemic requirement or that the appellant was denied a waivable-only right that he did not waive." *Reyes v. State*, 361 S.W.3d 222, 229 (Tex. App.—Fort Worth 2012, pet. ref'd). The right against self-incrimination is neither an absolute requirement nor a waivable-only right; rather, it is a forfeitable right. *Johnson v. State*, 357 S.W.3d 653, 658 (Tex. Crim. App. 2012) (stating that "[j]ust as a defendant can fail to invoke his Fifth Amendment privilege, a defendant can also voluntarily forfeit his Fifth Amendment privilege if he freely chooses to take the stand and make incriminating statements" and that "[t]his is true even if not done

4

knowingly and intelligently"). A defendant forfeits the right by not objecting when the trial court denies the right.[1] *See Larios v. State*, No. 13-15-00022-CR, 2015 WL 9487107, at *4 (Tex. App.—Corpus Christi–Edinburg Dec. 29, 2015, no pet.) (mem. op., not designated for publication) ("Texas case law makes clear that a defendant's rights under the Fifth Amendment . . . may be forfeited by failing to properly preserve error when those rights are denied by the trial court."); *Reyes*, 361 at 229. Here, Gomez, who was represented by counsel, made the statements to the trial court without objection. Accordingly, if the trial court's invitation deprived him of the privilege against self-incrimination, he forfeited his complaints by failing to object. *See Reyes*, 361 S.W.3d at 229; *Davis v. State*, Nos. 02-05-094-CR, 02-05-106-CR, 2006 WL 413148, at *2 (Tex. App.—Fort Worth Feb. 23, 2006, pet. ref'd) (mem. op., not designated for publication) (holding that the appellant voluntarily forfeited her complaint under the Fifth Amendment when she answered without objection the trial court's questions at sentencing).

Gomez's cited cases are unavailing because none hold that the privilege against self-incrimination may not be forfeited. *Estelle v. Smith*, 451 U.S. 454, 463, 101 S. Ct. 1866, 1873 (1981), holds that the right against self-incrimination applies at sentencing. *Mitchell v. United States*, 526 U.S. 314, 325, 119 S. Ct. 1307, 1313 (1999), and *Carroll v.*

---

[1] The right is self-executing when the defendant is threatened with a penalty for remaining silent, *Johnson*, 357 S.W.3d at 658, but the record shows no such threat here.

*State*, 42 S.W.3d 129, 132 (Tex. Crim. App. 2001), both hold that a defendant's guilty plea does not waive the right at sentencing. Finally, *Lucero v. State*, 91 S.W.3d 814, 815, 817 (Tex. App.—Amarillo 2002, no pet.), addresses whether the defendant waived his right against self-incrimination by voluntarily testifying without objection at sentencing. It does not discuss whether the right may be forfeited and does not discuss any of the cases that have held that it may. We overrule Appellant's first two issues.

In Gomez's third issue, he argues that the United States Constitution and the Texas Code of Criminal Procedure require the trial court to admonish a defendant before the defendant provides testimony or statements in his own defense and that the trial court's failure to provide such admonishments here is reversible error. A defendant's right to be properly admonished is a waivable-only right. *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007). We will therefore address this issue's merits. *See Reyes*, 361 S.W.3d at 229. The Texas Court of Criminal Appeals has held that "the trial court has no duty to inform a testifying defendant, represented by counsel, of his right not to testify." *Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005); *see also Johnson*, 357 S.W.3d at 658 n.3 ("[A] trial judge has no independent duty to implement a defendant's Fifth Amendment privilege."). While Gomez asserts that "the case law is uncontroverted in providing that a defendant must . . . receive admonishments at a contested [p]unishment hearing," he cites no law for the proposition that a trial court has an affirmative duty to admonish a defendant at

sentencing of his right against self-incrimination. We therefore hold that the trial court had no duty to admonish Gomez of his privilege against self-incrimination at sentencing, and we overrule his third issue.

## Conclusion

Having overruled Gomez's three issues, we affirm the trial court's judgments.


/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 9, 2020