**AFFIRMED and Opinion Filed October 22, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00505-CR

### JOSE RAUL REYNA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F15-18250-J**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Smith

Appellant Jose Raul Reyna pleaded guilty to unlawful possession of a firearm.

The trial court deferred adjudication and place him on three years' community

supervision and assessed a $1,500 fine. The State subsequently filed a motion and

an amended motion to proceed with adjudication. The trial court found two

allegations true, granted the motion, and sentenced Reyna to ten years'

imprisonment.

Appellant raises four issues on appeal. In his first issue, he asserts the trial

court erred by not considering whether the police illegally searched his car. In his

second and third issues, appellant asks that in the event we sustain his first issue, we

remand to the trial court to decide the legality of the search and reconsider his sentence. Lastly, appellant argues the original deferred adjudication order was defective because the trial court did not follow the original plea agreement. We affirm the trial court's judgment.

## Background

On December 8, 2015, appellant pleaded guilty to unlawful possession of a firearm by a felon. The trial court placed him on community supervision for three years and assessed a fine. The State subsequently filed a motion and an amended motion to revoke community supervision alleging appellant did not pay community supervision fees[1] and committed two new offenses: (1) driving while intoxicated in Tarrant County in March 2017 and (2) felony possession of a firearm in December 2017 in Leon County.

On March 27, 2020, the trial court held a revocation hearing. Officer Olimpo Hernandez testified to the following facts regarding the DWI offense: In March 2017, a vehicle traveling at a high rate of speed on I-30 in downtown Fort Worth caught his attention. Officer Hernandez estimated the vehicle was going ninety miles per hour in a sixty miles per hour speed limit. He activated his lights, and appellant pulled over.

---

[1] The trial court did not find this violation to be true; therefore, it is not pertinent to this appeal.

Appellant did not make eye contact and rolled his window down just enough to give Officer Hernandez his driver's license. Officer Hernandez smelled alcohol coming from the window, and he noticed appellant's eyes were bloodshot and heavy. He described appellant's behavior as uncooperative but respectful. Appellant refused to answer when asked if he had been drinking. Officer Hernandez agreed that such behavior could be described as a loss of inhibitions, which could be a sign of intoxication.

When appellant exited the car, Officer Hernandez confirmed the smell of alcohol was coming from appellant. He conducted a horizontal and sustained gaze nystagmus test and confirmed four signs of intoxication. Based on the totality of circumstances, Officer Hernandez believed appellant was impaired due to consuming alcohol. He arrested appellant for DWI.

Trooper Joel Smith then testified to the following facts regarding appellant's 2017 arrest for felony possession of a firearm: Trooper Smith noticed a car driving with an obscured license plate. He made a traffic stop and noticed three people in the car. Appellant was in the driver's seat. Trooper Smith approached the front passenger window and when the occupant rolled it down, Trooper Smith immediately smelled a strong odor of raw marijuana. He explained raw, fresh, unsmoked marijuana has a very strong, potent smell different from smoked marijuana. His investigation then turned from a stop for an obscured license plate to a criminal investigation.

He ran appellant's license and discovered he was a known gang member. Appellant admitted he used to be in a gang, but said he left that life behind. Appellant admitted to smoking marijuana in the car, but denied that any drugs or anything else illegal was inside the car. However, appellant told Trooper Smith that he might find a smoked joint. Appellant denied having any weapons in the vehicle but based on body language, Trooper Smith thought he was lying.

Appellant denied Trooper Smith's request to search the car. Trooper Smith explained to appellant that the smell of marijuana gave him probable cause to search the car and he then began his search. The smell of marijuana become stronger indicating marijuana was either in the car or someone recently smoked it. He found a smoked joint in the front seat. He tried to open the glovebox, but it was locked. Appellant denied having a key to open it.

Trooper Smith continued his search and found four shell casings from a 9mm gun in the windshield cowling. He asked appellant again to open the glovebox, but he would not. Trooper Smith then used an upholstery tool to pry it open. Inside, he found a loaded 9mm gun. The bullets matched the shell casings in the windshield cowling. Trooper Smith arrested appellant.

At the conclusion of the revocation hearing, the trial judge found that "based upon the evidence" presented, appellant violated his probation by both intentionally and knowingly operating a motor vehicle in a public roadway while intoxicated and

by unlawfully possessing a firearm at a location other than his premises. The trial court further commented:

> The Court took into consideration the fact that this is not a trial on these cases. This is a motion to proceed to adjudication of guilt. I did have some concerns about the second offense, specifically the officer going into a locked glove compartment. I had some concerns about that; and if this was a trial, I may have ruled differently.
>
> This is a motion to proceed to adjudication of guilt, seeing that he had violated his probation. I believe very clearly that he was in possession of a weapon that day. However, I don't necessarily believe that the officers had the right to go into the glove compartment.

Despite the trial judge's comments, she stated again she was finding appellant in violation of the terms of his probation. The court revoked appellant's community supervision and sentenced him to ten years' confinement. This appeal followed.

## Trial Court's Consideration of the Search

In his first issue, appellant contends the trial court erred by not considering the validity of Trooper Smith's warrantless search of the glovebox after the trial judge sua sponte raised the issue. Appellant relies on the statements quoted above at the end of the revocation hearing to argue that the trial court was incorrect in stating she could not consider the legality of the search because it was "only" a revocation hearing. The State responds, in part, that appellant waived any argument regarding the search of the glovebox because he did not file a motion to suppress or object to the evidence when it came in during the revocation hearing.

Appellant concedes he did not file a motion to suppress or object to the admission of the gun into evidence during the revocation hearing. However, he

urges the Court to disregard the traditional rules of preservation and instead encourages review under Texas Rule of Evidence 103e. *See* TEX. R. EVID. 103e ("In criminal cases, a court may take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved."). We reject his invitation.

Courts have consistently held the failure to object in a timely and specific manner forfeits complaints about the admissibility of evidence. *See Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002); *see also Lamar v. State*, No. 05-04-00741-CR, 2005 WL 1871024, at *7 (Tex. App.—Dallas Aug. 9, 2005) (mem. op., not designated for publication) (concluding alleged illegal arrest and search not preserved for review when record contained no objection). This is true even though the error may concern a constitutional right of the defendant. *Saldano*, 70 S.W.3d at 889. Moreover, as a procedural safeguard, a defendant has at least two opportunities to seek redress for alleged illegal searches. A defendant may file a motion to suppress evidence and have it ruled upon before trial, and a defendant may always object to the admission of evidence at the time it is offered. *See, e.g., Reyes v. State*, 361 S.W.3d 222, 230 (Tex. App.—Fort Worth 2012, pet. ref'd). Because appellant did neither, he failed to preserve his issue for review.

In reaching this conclusion, we are unpersuaded by appellant's reliance on *Rushing v. State*, 500 S.W.2d 667 (Tex. Crim. App. 1973) (concluding the only evidence upon which the revocation could proceed was obtained as a result of the

–6–

illegal search; therefore, trial court abused its discretion). Appellant cites this case for the proposition that "warrantless searches are per se unreasonable" regardless of whether evidence of the search is presented at a revocation hearing or trial. While *Rushing* involved the consideration of an illegal search during a revocation hearing, it is silent as to whether the defendant filed a motion to suppress or objected to the evidence. *Id*. Thus, the case does not alter the well-established rules of error preservation.

Finally, the trial judge's commentary at the end of the hearing does not alter our conclusion. The trial judge made the statements after stating that "based upon the evidence" appellant violated his probation by driving while intoxicated and possessing a firearm. Moreover, to the extent appellant argues he had no reason to object until the judge made her sua sponte opinions known, the record still does not indicate he then objected. *See* TEX. R. APP. P. 33.1 (party must make a timely and specific objection giving the trial court time to remedy any alleged error).

We conclude appellant failed to preserve his issue for review; therefore, it is overruled. Having overruled appellant's first issue, we need not consider issues two and three in which he asks the Court to remand for reconsideration of the legality of the search and for punishment. *See* TEX. R. APP. P. 47.1.

**Failure to Follow Original Plea Agreement**

In his final issue, Reyna argues the original order for deferred adjudication is defective and should be set aside because the trial court failed to follow the plea

agreement. Specifically, he asserts the executed plea agreement shows he was to be admonished for a punishment range consistent with a state jail felony, not a third degree felony. The State responds the Court does not have jurisdiction to consider his issue. We agree.

Unless an order placing a defendant on deferred adjudication community supervision is void, that defendant may not raise issues related to the original plea proceeding in an appeal from a subsequent adjudication proceeding. *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); *Robinson v. State*, No. 02-17-00054-CR, 2018 WL 1095793, at *2 (Tex. App.—Fort Worth Mar. 1, 2018, no pet.). Appellant did not file an appeal challenging the range of punishment of the pled-to offense at the time community supervision was imposed. Rather, he waited until March 17, 2020, and filed a pro se "motion to withdraw guilty plea." By that time, it was too late to raise the issue. *See Webb v. State*, No. 05-15-00478-CR, 2015 WL 7720469, at *1 (Tex. App.—Dallas Nov. 30, 2015, no pet.) (mem. op., not designated for publication) (denying review of whether trial court incorrectly admonished defendant on punishment range when he waited to raise issue in appeal from adjudication). Accordingly, we are without jurisdiction to consider appellant's issue. *Id*.

## Conclusion

The judgment of the trial court is affirmed.

/Craig Smith/

CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200505F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOSE RAUL REYNA, Appellant

No. 05-20-00505-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F15-18250-J.
Opinion delivered by Justice Smith. Justices Schenck and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 22, 2021